UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PIERRE L PERKINS #104346                CIVIL ACTION NO. 21-cv-151 SEC P

VERSUS                                  JUDGE ELIZABETH E. FOOTE

POLICE JURY BOSSIER PARISH ET AL        MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Pierre L. Perkins ("Plaintiff"), a self-represented inmate, filed this civil rights action based on allegations that while housed in a Bossier Parish jail he did not receive proper protection from the coronavirus and received inadequate care after he contracted Covid-19. Two of the defendants, Lt. Jason Porter and Sgt. Jason Gates, have filed a Motion for Summary Judgment (Doc. 16) that is before the court. Plaintiff, despite an extension of time (Doc. 19), has not filed any opposition to the motion. For the reasons that follow, it is recommended that the motion be granted and that all claims against Porter and Gates be dismissed.

### The Exhaustion Requirement

Defendants argue that Plaintiff's complaint is subject to dismissal because Plaintiff did not exhaust his administrative remedies before he filed suit. The defense is based on the provision in 42 U.S.C. § 1997e(a) enacted by the Prison Litigation Reform Act ("PLRA"). It provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison,

or other correctional facility until such administrative remedies as are available are exhausted." The statute is interpreted broadly and applies to actions that allege the use of excessive force or denial of medical care. Porter v. Nussle, 122 S.Ct. 983 (2002); Harris v. Hegmann, 198 F.3d 153 (5th Cir. 1999).

**The Bossier Max Procedure**

The statute requires proper exhaustion in accordance with prison or jail procedures. Woodford v. Ngo, 126 S.Ct. 2378 (2006). Major Richard Craig Stokes and Director of Risk Management Bruce Bletz offered affidavits regarding the grievance procedure in place at the Bossier Parish Maximum Security Facility where Plaintiff was housed at the relevant time. They testify that Plaintiff was provided a copy of the Inmate Handbook when he was booked in October 2020, and the provisions of the handbook were available by 24-hour electronic access at two kiosks in each dorm and approximately 12 tablets available to inmates in each dorm.

The handbook allows an inmate to file a grievance on matters including his health, medical malpractice, or other conditions of confinement. A grievance may be initiated by a letter to the warden on form ARP-1 or any written communication that contains the phrase, "This is a request for administrative remedy." The request must be made within 90 days of the event at issue, the warden has 40 days to serve a response, and a dissatisfied inmate may pursue a second step appeal to the Major of Corrections.

**Evidence of Plaintiff's Efforts**

Plaintiff checked blanks on his complaint form to indicate that there was a grievance procedure at his institution and that he did file a grievance based on the facts that form the

basis of this lawsuit. He was asked to describe the steps taken and result. He wrote: "Step 1 – never answered – never returned – no response." He also wrote: "Step 2 – never answered – never returned – no response." Defendants do not specifically address that allegation in Plaintiff's unverified complaint, but they offer affidavit testimony from Lt. Bletz that the sheriff's office maintains records of all grievances filed by inmates. Bletz states: "I have searched all Bossier Sheriff's Office inmate grievance records and determined that Pierre Perkins did not file any grievances and specifically did not file a grievance and initiate an Administrative Remedy Procedure wherein he complained about testing positive for the COVID-19 virus, that he alleges occurred on December 31, 2020."

**Analysis**

Exhaustion is an affirmative defense, so the burden is on a defendant to demonstrate that the prisoner failed to exhaust available administrative remedies. Jones v. Bock, 127 S.Ct. 910 (2007). A defendant "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." Dillon v. Rogers, 596 F.3d 260, 266 (5th Cir. 2010).

Movants have shouldered their summary judgment burden of coming forward with competent evidence that indicates Plaintiff did not file a grievance and exhaust his administrative remedies before he filed this civil action. Plaintiff alleged in his complaint that he pursued a grievance, but "[a] court may not rely on mere factual allegations in an unverified complaint to make summary-judgment rulings." Joseph on behalf of Est. of Joseph v. Bartlett, 981 F.3d 319, 334 (5th Cir. 2020). Even pro se litigants may not oppose summary judgment motions with unsworn materials. See Gordon v. Watson, 622 F.2d

120, 123 (5th Cir. 1980). The only competent evidence on the exhaustion issue comes from Defendants, so Plaintiff has not shown a genuine dispute as to any material fact. See Turner v. Baird, 707 Fed. Appx 290, 291 (5th Cir. 2017) (affirming summary judgment in a similar setting).

Plaintiff has not responded to the motion at all. If he did submit a grievance, then he should have been able to present documentary evidence of exhaustion. The Inmate Handbook directs the inmate on page 39 to make a copy of his letter of complaint and retain it for his records. The handbook also states at page 43 that records of the grievance procedure will be maintained in a computerized log, and all responses and pertinent documents are kept on file for at least three years following final disposition. If Plaintiff had filed a grievance, then the search sworn to by Blevins should have located the filing. It did not, so there is no evidence of a grievance.

**Conclusion**

Defendants Porter and Gates have raised an exhaustion defense by motion for summary judgment. They met their burden of demonstrating by competent summary judgment evidence that Plaintiff did not exhaust his administrative remedies before he filed this suit. Plaintiff was given a reasonable opportunity to respond and attempt to create a genuine dispute of material fact, but he offered nothing. Defendants Porter and Gates are entitled to dismissal without prejudice of all claims against them based on the exhaustion defense. Bargher v. White, 928 F.3d 439, 447 (5th Cir. 2019) ("Failure to exhaust … warrants dismissal without prejudice").

Accordingly,

It is recommended that the Motion for Summary Judgment (Doc. 16) by defendants Jason Porter and Jason Gates be granted and that all claims against Porter and Gates be dismissed without prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of October, 2021.

_____
Mark L. Hornsby
U.S. Magistrate Judge